IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

```
UNITED STATES OF AMERICA        *
                                *
        v.                      *       CR 114-027
                                *
CORY MILO GRIFFIS               *
```

O R D E R

On May 13, 2020, Defendant Cory Milo Griffis, through counsel, filed a request imploring the Court to write a letter asking that Defendant not be disqualified from consideration for immediate release under the CARES Act[1] simply because he was convicted of a sex offense.[2] (Doc. 95.) In doing so, Defendant would have the Court opine that Defendant does not pose an unnecessary risk to the public if he were transferred to home confinement. (Id. at 4.)

---

[1] The CARES Act refers to the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136, enacted on March 27, 2020.

[2] Counsel filed the request in Defendant's 28 U.S.C. § 2255 case probably because he references the Psychological Evaluation conducted of his client in support of the § 2255 petition. Because the civil action is closed and the instant request involves the sentence Defendant is serving, the Court docketed the request in the captioned criminal case instead. The referenced Psychological Evaluation also appears in the record of the criminal case (doc. 66); while it remains under seal, it may be made available to the Bureau of Prisons through defense counsel or upon request by an appropriate BOP official with Defendant's consent.

On March 26, 2020, the United States Attorney General directed the Director of Bureau of Prisons ("BOP") to prioritize the use of "various statutory authorities to grant home confinement for inmates seeking transfer in connection with the ongoing COVID-19 pandemic." See Memorandum dated Mar. 26, 2020, *available at* https://www.justice.gov/file/1262731/download (last visited May 21, 2020). The statutory authority upon which the BOP is processing requests to transfer to home confinement is 18 U.S.C. § 3624(c)(2) and 34 U.S.C. § 60541; neither of these code sections vest the United States District Court with authority to order home confinement. Indeed, designation of an inmate's place of confinement is within the absolute discretion of the BOP. E.g., Jones v. Woods, 2019 WL 2754731, *4 (M.D. Ala. Jun. 4, 2019) (cited sources omitted); Brown v. Atkinson, 2010 WL 3659634, *4 (S.D. Fla. Jun. 11, 2010) ("A federal district court does not have the authority to order an inmate's placement in a particular facility or program." (cited sources omitted).)

Moreover, the CARES Act expressly authorizes the BOP to transfer inmates to home confinement "as the Director determines appropriate." Pub. L. 116-136, Div. B, Title II, § 12003(b)(2). Thus, the CARES Act also commits the authority to determine which inmates are eligible for home confinement solely in the BOP's discretion.

While the Court recognizes that it can *recommend* a particular facility or program to the BOP, the Court declines to do so under these circumstances and as requested. Instead, the Court adequately expressed its findings relative to Defendant's conduct at the sentencing hearing and rests thereon.

Accordingly, Defendant Cory Milo Griffis's request for relief from the Court (doc. 95) is hereby **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this 26th day of May, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA